**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4140

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAL MOHAMMAD ELEIDY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00133-FL-1)

Submitted: January 31, 2023                          Decided: March 1, 2023

Before KING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Mohammad Eleidy pled guilty, pursuant to a written plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344(1), (2), 1349. The district court sentenced Eleidy to 109 months' imprisonment and five years of supervised release with various conditions. On appeal, Eleidy's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal that are not precluded by the appeal waiver in Eleidy's plea agreement, but questioning whether the magistrate judge erred in accepting Eleidy's guilty plea[*] and whether Eleidy's sentence is substantively reasonable. Eleidy has filed a pro se brief, as supplemented, also challenging the substantive reasonableness of his sentence and contesting the procedural reasonableness of his sentence based on the district court's application of certain sentencing enhancements. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Eleidy's plea agreement. We deny the Government's motion to dismiss, affirm Eleidy's conviction, vacate his sentence, and remand for resentencing.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). We review the validity of an appeal waiver de novo. *See id.* "A waiver is valid if the defendant knowingly and intelligently agreed to

---

[*] Eleidy consented to proceed before a magistrate judge for the plea hearing.

waive the right to appeal." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy that complies with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). Eleidy's appeal waiver does not preclude our review of the validity of his guilty plea. *Id.* at 364. Our review of the record confirms that the magistrate judge conducted a thorough Rule 11 colloquy, that Eleidy's guilty plea was knowing and voluntary, and that he knowingly and intelligently waived his right to appeal. We therefore affirm Eleidy's conviction.

Our review pursuant to *Anders* revealed a meritorious ground for appeal that falls outside the scope of Eleidy's appeal waiver. While the district court announced some conditions of supervised release at sentencing, the amended written judgment contained multiple discretionary conditions of supervised release that were not announced at sentencing, including 13 standard conditions and two additional standard conditions. Thus, the district court violated the rule that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). This is reversible error under de novo review, *id.* at 295-96, and the appeal waiver in Eleidy's plea agreement does not bar our review, *United States v. Singletary*, 984 F.3d 342, 344-45 (4th Cir. 2021).

When the district court fails to announce discretionary conditions of supervised release that are later included in the written judgment, the defendant's sentence must be

3

vacated in its entirety and remanded for resentencing. *See id.* at 346 & n.4. Thus, we have no occasion to consider any additional challenges to Eleidy's sentence, including those raised in counsel's *Anders* brief and Eleidy's pro se brief, or whether such challenges are barred by the appeal waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal other than the *Rogers* error. Therefore, we deny the Government's motion to dismiss, affirm Eleidy's conviction, vacate his sentence pursuant to *Rogers* and *Singletary*, and remand for resentencing. This court requires that counsel inform Eleidy, in writing, of the right to petition the Supreme Court of the United States for further review. If Eleidy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Eleidy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*